Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5014 | **DATE** | 3/29/2002 |
| **CASE TITLE** | Ocean Atlantic Development vs. Willow Tree Farm, L.L.C., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of Ocean Atlantic to dismiss Willow Tree's amended counterclaim [5-1] is granted. Motion of Ocean Atlantic to strike Willow Tree's affirmative defenses [6-1] is granted without prejudice to repleading affirmative defenses 3, 4, and 5. The Court strikes, on its own motion, Ocean Atlantic's request for punitive damages in Count II. The parties are given until 5/23/02 to file a second amended complaint and answer. Status hearing of 4/25/02 at 9:30 a.m. will stand, at which time parties will address the discovery schedule.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 29 2002 date docketed | 43 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 29 PM 2:33 | 3/29/2002 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCEAN ATLANTIC DEVELOPMENT )
CORPORATION, a Virginia Corporation, )
)
    Plaintiff, )
)
v. ) No. 01 C 5014
)
WILLOW TREE FARM L.L.C., )
DRH CAMBRIDGE HOMES, INC., a )
California Corporation, ELDA ARNHOLD, )
and BYZANTIO, L.L.C. )
)
    Defendants. )

DOCKETED
MAR 29 2002

## MEMORANDUM OPINION AND ORDER

On June 29, 2001, plaintiff, Ocean Atlantic Development Corporation ("Ocean Atlantic") filed a two-count complaint against defendant, Willow Tree Farm L.L.C. ("Willow Tree"), in which Ocean Atlantic alleges that it contracted with Willow Tree to obtain an easement to construct and maintain a storm drain to service property that Ocean Atlantic was purchasing for a development located adjacent to Willow Tree's property. The construction was to be completed by June 30, 2001. Ocean Atlantic alleges that Willow Tree failed to provide written approval of specifications as required by the contract, did provide oral approval, but denied Ocean Atlantic access to its property to begin construction. Ocean Atlantic seeks specific performance (Count I) and damages (as well as punitive damages) for breach of contract (Count II).

On July 20, 2001, Willow Tree filed its answer and affirmative defenses and a counterclaim asserting that Ocean Atlantic failed to comply with the contract terms, failed to construct the storm drain by the June 30 date, and seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, that the contract terminated on June 30, 2001. Willow Tree also

asserts that the premise of the contract was that Ocean Atlantic was the "owner of record" of the properties it intended to service with the easement, but subsequently a court found that Ocean Atlantic had no rights to purchase, develop or otherwise encumber the property. *See Arnhold v. Ocean Atlantic Woodlands Corp.*, 132 F. Supp. 2d 662 (N.D. Ill. Feb. 28, 2001) (Keys, J.), *aff'd*, ___ F.3d ___, 2002 WL 435513 (7th Cir. Mar. 21, 2002). Thus, Willow Tree asserts Ocean Atlantic's claim for specific performance is in bad faith and is brought merely to prevent Willow Tree from entering into an easement agreement with the rightful owners of the property.

On August 2, 2001, Ocean Atlantic moved pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule") to dismiss Willow Tree's counterclaim and moved, pursuant to Rule 12(f), to strike Willow Tree's affirmative defenses. Ocean Atlantic subsequently filed an amended complaint on February 7, 2002, alleging claims of tortious interference with contract against three additional defendants, but not alleging any new claims against Willow Tree. On March 14, 2002, Willow Tree filed an amended answer and affirmative defenses and an amended counterclaim. The affirmative defenses are identical to those contained in the original answer, and the counterclaim is nearly identical and seeks the same remedy. The court construes Ocean Atlantic's motion to dismiss and strike as to Willow Tree's March 14, 2002 amended answer and amended counterclaim.

## Motion to Dismiss Amended Counterclaim for Declaratory Judgment

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994)

2

(internal quotation omitted). The decision whether to grant declaratory relief is discretionary. *Id.* There must be an actual, "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation omitted). Moreover, a declaratory judgment action is not a means to "try issues or determine the validity of defenses in pending cases." *Cunningham Bros., Inc.* v. *Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969).

Ocean Atlantic argues that Willow Tree's counterclaim should be dismissed since once the issues have been decided on Ocean Atlantic's claims, there will no longer be a continuing controversy. Willow Tree responds that it needs the court's protection from Ocean Atlantic's harassing and predatory behavior. Willow Tree points to a series of lawsuits involving Ocean Atlantic and other parties and argues that even if Willow Tree defeats Ocean Atlantic's claims, there are "potentialities" that Ocean Atlantic might try to construe certain language in the contract as supporting a right to "maintain" a storm drain (that another entity is building) and "Ocean Atlantic might still try to intrude on the Willow Tree property and/or file additional lawsuits." (Resp. at 3.) However, Willow Tree points to no specific threat and its speculation about what Ocean Atlantic "might" do does not give rise to a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Thus, the court dismisses Willow Tree's counterclaim. *See Natkin* v. *Winfrey*, 111 F. Supp. 2d 1003, 1015 (N.D. Ill. 2000) (dismissing declaratory judgment claims stating "plaintiffs have not identified a live controversy that will not be resolved by the close of this lawsuit").

Motion to Strike Affirmative Defenses

Affirmative defenses are pleadings and thus subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc.* v. *Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). While the general rule is that motions to strike affirmative defenses are disfavored, where they serve to "remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* A helpful three-pronged approach was articulated by Judge Milton I. Shadur in *Bobbitt* v. *Victorian House, Inc.*, for determining whether to strike an affirmative defense: (1) determine whether the defense is a proper affirmative defense – if it clearly is not, then strike it to make the pleadings more concise; (2) if is proper, then determine whether it is appropriately pled under Rule 8(a) (short plain statement) or Rule 9 (fraud with particularity) – if not, then strike it without prejudice to repleading; and (3) if it is a proper affirmative defense and meets the Rule 8/9 pleading standards, determine whether the defense fails to state a claim upon which relief can be granted, i.e. whether it is impossible for defendant to prove any set of facts which would entitle it to relief. 532 F. Supp. 734, 737 (N.D. Ill. 1982).

Under the first prong, the question arises, what is a proper affirmative defense? Rule 8(c) requires that, in addition to any of the 19 named affirmative defenses, a party set forth "any other matter constituting an . . . affirmative defense" in a responsive pleading. Failure to do so generally results in waiver. *Roe* v. *Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir. 1943). However, the failure to raise an affirmative defense in an answer does not forever bar a party from raising it, but the proper remedy is a motion for leave to amend. *Bobbitt*, 532 F. Supp. at 736. Commentators have suggested that a proper affirmative defense is one which "raises a matter outside the scope of plaintiff's *prima facie* case and is thus a matter not raised by a simple

denial," *see id.* at 736 (citing 2A Moore's Federal Practice ¶ 8.27(3) at 8-250, 8-254), or "generally admits the matters in a complaint but suggests some other reason why there is no right of recovery." *Id.* (citing 5 Wright and Miller, Federal Practice and Procedure § 1270 at 292). However, because such definitions are imprecise, a pleader, to avoid waiver, is "justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Id.*; *see also* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE 2d § 1271 (Updated by 2002 Pocket Part) ( "[I]t is advisable for defendant to allege affirmatively any new matter he believes may not be embraced by the pleadings."). A general principle to follow, therefore, is to strike a "so-called" affirmative defense "if there is [no] real doubt about the defendant's right, under his denial, to offer proof of the matters." *Bobbitt,* 532 F. Supp. at 736 (citing 2A Moore's Federal Practice ¶ 8.27(3) at 8-251). Thus, the benefit of the doubt is given to the pleader, and an affirmative defense should be stricken only "where it is completely certain [it has] been mistitled." *Id.*

Willow Tree's affirmative defense 1, "failure to state a claim," is no more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6), which some courts have stricken as not a proper affirmative defense under Rule 8(c) because it is properly assertable under Rule 12(b)(6) and does not raise matters outside of the scope of plaintiff's *prima facie* case. *See Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank and Trust Co.,* 576 F. Supp. 985, 991 (N.D. Ill. 1983) (Shadur, J.); *Northwestern Corp. v. Gabriel Mfg. Co., Inc.,* No. 95 C 2004, 1996 WL 732519, *14 (N.D. Ill. Dec. 18, 1996) (Anderson, J.). A contrary line of authority, however, has permitted a "failure to state a claim"

affirmative defense on the basis that this defense is specifically set forth as a possible defense in Form 20 of the Appendix of Forms of the Federal Rules of Civil Procedure and the use of such forms is explicitly authorized by Rule 84. *See General Elec. Capital Corp. v. Munson Marine, Inc.*, 91 C 5090, 1992 WL 24067, at *2 (N.D. Ill. Jan. 29, 1992) (Conlon, J.); *Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 60705, at *3 (N.D. Ill. Apr. 23, 1990) (Kocoras, J.). Other courts also note that pleading "failure to state a claim" as an affirmative defense is not necessarily improper because Rules 12(b)(6) and 12(h)(2) give the defendant an option of presenting its "failure to state a claim" defense in a responsive pleading or in a separate motion. *See, e.g., Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D. Ill. 1999) (Aspen, C.J.) (citing *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996) (Coar, J.)). All courts appear to agree, however, that the mere conclusional assertion of a "failure to state a claim" defense is insufficient under Rule 8. Although this court cannot say "failure to state a claim" cannot be pled as an affirmative defense, it agrees that its mere conclusional assertion is insufficient under Rule 8 and, therefore, is properly stricken. Moreover, because Willow Tree is not foreclosed from bringing this defense by way of a proper motion under Rule 12(c), the court will not will not give leave to replead this defense.

Affirmative defense 2 is "good faith." Ocean Atlantic argues that because intent is not an element in a contract case, "good faith" is irrelevant (in other words, Ocean Atlantic is arguing that Willow Tree could prove no set of facts under this defense which would entitle it to relief). Willow Tree responds that the defense is proper given that Ocean Atlantic has put Willow Tree's intent at issue in its complaint by pleading punitive damages in its breach of contract claim

6

(Count II). Willow Tree points out, in Illinois,[1] "[a]s a general rule punitive damages are not recoverable for breach of contract," *Morrow* v. *L.A. Goldschmidt Assoc.*, 112 Ill. 2d 87, 94, 492 N.E.2d 181,183 (Ill. 1986) (citation omitted), even for a "willful" breach since the sole purpose of contract damages is to compensate the nonbreaching party. *Id.* The exception to this rule is if the conduct causing the breach "is also a tort for which punitive damages are recoverable." *Id.* at 95, 492 N.E.2d at184. (citation omitted). In such a case, there must be proper allegations of malice, wantonness or oppression. *Id.* Generally, this is where the harm alleged goes beyond defeated expectations of the contract. *See id.* In its reply, Ocean Atlantic ignores these principles and merely repeats its contention that Willow Tree cannot avoid liability by claiming its own conduct was in good faith, adding that the defense is not pled to Rule 8's standard. While the court agrees with Ocean Atlantic that the defense is not pled in accordance with Rule 8, more importantly, it agrees with the authority cited by Willow Tree that the complaint does not set forth facts that would support tort damages. Thus, it would be futile for this court to allow Willow Tree to replead a defense of good faith, as it has no bearing on matters raised in the complaint. Further, the court will strike, on its own motion (*see* Rule 12(f)), Ocean Atlantic's request for punitive damages in Count II as well as grant Ocean Atlantic's motion to strike Willow Tree's affirmative defense 2.

In affirmative defense 3, Willow Tree asserts "lack of standing." The issue of standing involves whether the court is entitled to decide the merits of the dispute and involves both

---

[1] The parties have not raised or addressed the choice of law issue and both rely on Illinois law in their briefs. Therefore, the court presumes that the substantive law of Illinois governs. *Kritikos* v. *Palmer Johnson, Inc.*, 821 F.2d 418, 421 (7th Cir. 1987) ("When the parties fail to consider the choice of law in a diversity case, the substantive law of the forum is presumed to control.") (quotation omitted).

jurisdictional and prudential limits on the court's power. *Indemnified Capital Inv. v. R.J. O'Brien & Assoc.*, 12 F.3d 1406, 1408 (7th Cir. 1993) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Plaintiff bears the burden of proving it has standing. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Ocean Atlantic notes that Willow Tree's conclusional standing defense is "nonsensical" given that Willow Tree admitted that Ocean Atlantic is a party to the contract with Willow Tree. (*See* Am. Answer ¶ 11.) In any event, Ocean Atlantic argues a "lack of standing" defense is no more than a denial of its claim and is thus improper. Willow Tree responds by pointing to certain language in the contract which it contends shows that the rights to the easement are vested in the person who owns the property to be serviced and Ocean Atlantic does not own the property, *see Arnhold*, 132 F. Supp. 2d 662. Willow Tree asserts that only the person who now owns the property (Cambridge Homes) would have standing with respect to the easement. Thus, Willow Tree appears to be asserting that Ocean Atlantic is not entitled to enforce the easement. Ocean Atlantic replies that Willow Tree's theory that Cambridge Homes would have rights under the contract, to which it never was a party, is unsupported by the language of the contract and any legal authority. The court is not convinced that Willow Tree's defense is properly one of lack of standing particularly where, as here, Willow Tree admits entering into the easement contract with Ocean Atlantic. Moreover, the court agrees that the defense is not pled to Rule 8's requirements and, for that reason, should be stricken. Since a motion challenging subject matter jurisdiction may be made at any time and even on the court's own motion, *see* Rule 12(h)(3), the court does not grant leave to merely replead a standing defense. *Cf. Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 247996, *5 (N.D. Ill. 1995) (N.D. Ill. Apr. 24, 1995) (Nordberg, J.). However, if there is a proper ground for

8

an affirmative defense based on the facts argued by Willow Tree, which would not be merely duplicative of its denials of plaintiff's claims, Willow Tree may amend to allege such an affirmative defense in accordance with Rule 8.

Ocean Atlantic concedes that defenses 4 and 5, the estoppel and waiver defenses, are proper affirmative defenses but argues they are conclusional and fail to meet Rule 8(a)'s pleading requirement. The court agrees and strikes affirmative defenses 4 and 5 without prejudice. *See Heller*, 883 F.2d at 1295.[2]

Affirmative defenses 6 and 7, "lack of causation," merely deny an element of Ocean Atlantic's claims and, therefore, are stricken. *Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F. Supp. 621, 625 (N.D. Ill. 1994) (striking affirmative defense that claims were barred by, *inter alia*, "causation in fact, proximate cause, intervening cause" on the ground that it was not an affirmative defense but merely an assertion that plaintiff could not prove a necessary element of its claim). Willow Tree, of course, is not precluded from offering evidence of lack of causation at trial. *Id.*

---

[2] Because this court has dismissed the counterclaim, Willow Tree's attempt to salvage the bare-bones pleading deficiency by referring to facts therein fails. Willow Tree may replead these defenses in conformity with Rule 8 in an amended answer.

## CONCLUSION

For the reasons set forth above, the court grants Ocean Atlantic's motion to dismiss Willow Tree's amended counterclaim [#5] and grants Ocean Atlantic's motion to strike Willow Tree's affirmative defenses [#6] without prejudice to repleading affirmative defenses 3, 4, and 5. The court strikes, on its own motion, Ocean Atlantic's request for punitive damages in Count II. The parties are given until May 23, 2002 to file a second amended complaint and answer.

Enter: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 29, 2002